### No. 415

No. 18830—Ben D. Holsman v. Fred Thomas, City Clerk, et al. Error to the Court of Appeals of Cuyahoga County.

291. CONSTITUTIONAL LAW—Ordinance of a municipality regulating residential qualifications of jewelry auctioneer not in conflict with 5868 GC. and is constitutional.

ALLEN, J.

1. Under Article XVIII, Section 3, of the Ohio Constitution, municipalities "have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." A local police ordinance enacted by the council of a municipality regulating auctioneers of jewelry, providing among other things that no jewelry shall be sold at auction for a period greater thcan sixty days in one year and that the auctioneer must have been a resident of the municipality for one year, and must have had a regular stock of jewelry for six months of that year, does not conflict with Section 5868 of the General Code, which provides that the Court of Common Pleas, or a judge thereof in vacation, may appoint and license suitable persons to make sales by auction in any county in the state for one year from the date of appointment.

2. Such ordinance is a valid and constitutional enactment, not in conflict with the provisions of Article I, Sections 1 and 2, and Article II, Section 26, of the Constitution of Ohio, and Article XIV, Section 1, of the Constitution of the United States.

Judgment affirmed.

Marshall, C. J., Jones, Matthias, Day and Kinkade, JJ., concur.

### No. 416

No. 18871—Clemmer & Johnson Company v. Industrial Commission of Ohio. Error to the Industrial Commission.

631. INDUSTRIAL COMMISSION—General orders of under 871-26 GC not effective until 30 days after publication.

Assessment of a penalty by the commission within less than such 30 days may be reviewed by the supreme court.

ROBINSON, J.

1. A certificate of public convenience and necessity issued by the Public Utilities Commission to a "person or persons, firm or firms, co-partnership, or voluntary association, joint stock association, company or corporation" to operate a motor transportation company is a license personal in its character, and is not transferable and does not pass by succession.

2. The provision of Section 614-87, General Code, relating to motor transportation companies actually in operation upon the date of the filing of the act in the office of the secretary of state, confers upon such motor transportation companies no rights different from the rights of holders of certificates who were not so operating, except in the manner of obtaining such certificate. The right to such certificate is no more the subject of succession or transfer than the certificate itself w· be.

Order affirmed.

Marshall C. J., Jones, Matthias, Day. Allen and Kinkade, JJ., concur.

### No. 417

No. 18335—Carl M. Voelkel v. City of Cincinnati. Error to the Court of Appeals of Hamilton county.

333. CRIMINAL LAW—Imprisonment for non payment of a fine under an ordinance penalizing failure to pay an excise tax, not for debt.

DAY, J.

1. General orders of the Industrial Commission enacted pursuant to Section 871-26, General Code, do not become effective until thirty days after their publication.

2. This court, pursuant to Section 871-38, General Code, has jurisdiction upon the application of an employer or other person in interest, to set aside, vacate or amend a general order of the Industrial Commission, on the ground that the order is unreasonable or unlawful, if it involves a violation of the Industrial Commission Act, General Code 871-1 to 871-45, inclusive.

3. Where the Industrial Commission has issued a general order pursuant to Section 871-26, General Code, and there is a claimed violation thereof within less than thirty days from the date of its publication, such violation cannot be made the basis of the assessment of a penalty as a violation of a special requirement pursuant to amendment of Article II, Section 35, effective January 1, 1924, of the Constitution of Ohio, and an order based upon such violation assessing a penalty is "unlawful" and subject to review by this court under Section 871-38. (Gatton v. Industrial Comm., 93 Ohio St. 203, and Pittsburgh Coal Co. v. Industrial Comm., 108 Ohio St., 185, distinguished.)

Demurrer to petition overruled.

Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.